Justice THOMAS, concurring.
I join the Court's opinion in full. I write separately to highlight a constitutional concern regarding § 601 of the Federal Aviation Administration Authorization Act of 1994 (FAAAA), 108 Stat. 1606, a statute *2106 the Court has now considered twice this Term. See Dan's City Used Cars, Inc. v. Pelkey, 569 U.S. ----, 133 S.Ct. 1769, 185 L.Ed.2d 909 (2013).
The Constitution grants Congress authority "[t]o regulate Commerce ... among the several States." Art. I, § 8, cl. 3 (emphasis added). Section 14501 of Title 49 is titled "Federal authority over intrastate transportation." (Emphasis added.) The tension between § 14501 and the Constitution is apparent, because the Constitution does not give Congress power to regulate intrastate commerce. United States v. Lopez, 514 U.S. 549, 587, n. 2, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (THOMAS, J., concurring). Nevertheless, § 14501(c)(1) purports to pre-empt any state or local law "related to a price, route, or service of any motor carrier ... with respect to the transportation of property." By its terms, § 14501(c) would pre-empt even a city ordinance establishing a uniform rate for most transportation services originating and ending inside city limits, so long as the services were provided by a motor carrier. Such an extraordinary *656 assertion of congressional authority cannot be reconciled with our constitutional system of enumerated powers.
The Supremacy Clause provides the constitutional basis for the pre-emption of state laws. Art. VI, cl. 2 ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land"). Because the Constitution and federal laws are supreme, conflicting state laws are without legal effect. See Crosby v. National Foreign Trade Council, 530 U.S. 363, 372, 120 S.Ct. 2288, 147 L.Ed.2d 352 (2000). However, the constitutional text leaves no doubt that only federal laws made "in Pursuance" of the Constitution are supreme. See Gregory v. Ashcroft, 501 U.S. 452, 460, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991) ("As long as it is acting within the powers granted it under the Constitution, Congress may impose its will on the States" (emphasis added)); Wyeth v. Levine, 555 U.S. 555, 583-587, 129 S.Ct. 1187, 173 L.Ed.2d 51 (2009) (THOMAS, J., concurring in judgment).
Given this limitation, Congress cannot pre-empt a state law merely by promulgating a conflicting statute-the pre-empting statute must also be constitutional, both on its face and as applied. As relevant here, if Congress lacks authority to enact a law regulating a particular intrastate activity, it follows that Congress also lacks authority to pre-empt state laws regulating that activity. See U.S. Const., Amdt. 10 ("The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people").
In this case, the Court concludes that "[s]ection 14501(c)(1) ... preempts the placard and parking provisions of the Port's concession agreement." Ante, at 2105. Although respondents waived any argument that Congress lacks authority to regulate the placards and parking arrangements of drayage trucks using the port, I doubt that Congress has such authority. The Court has identified three categories of activity that Congress may regulate under the Commerce Clause: (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, and persons or things in *657 interstate commerce; and (3) "activities having a substantial relation to interstate commerce ... i.e ., those activities that substantially affect interstate commerce." Lopez, supra, at 558-559, 115 S.Ct. 1624. Drayage trucks that carry cargo into and out of the Port of Los Angeles undoubtedly operate within the "channels of interstate commerce"-for that is what a port is. Congress can therefore regulate conduct *2107 taking place within the port. But it is doubtful whether Congress has the power to decide where a drayage truck should park once it has left the port or what kind of placard the truck should display while offsite. Even under the " substantial effects" test, which I have rejected as a " 'rootless and malleable standard' at odds with the constitutional design," Gonzales v. Raich, 545 U.S. 1, 67, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005) (dissenting opinion) (quoting United States v. Morrison, 529 U.S. 598, 627, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) (THOMAS, J., concurring)), it is difficult to say that placards and parking arrangements substantially affect interstate commerce. Congress made no findings indicating that offsite parking-conduct that falls within the scope of the States' traditional police powers-substantially affects interstate commerce. And I doubt that it could. Nevertheless, because respondents did not preserve a constitutional challenge to the FAAAA and because I agree that the provisions in question have the "force and effect of law," I join the Court's opinion.